IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

VERLA WILEY,

    Plaintiff,

v.

OFFICE SUPERSTORE EAST, LLC,
  (d/b/a "STAPLES")

    Defendant.[1]

Case No.: GJH-17-2187

## MEMORANDUM OPINION

Plaintiff Verla Wiley brings this *pro se* action against Office Superstore East, LLC ("Staples") alleging "Breach of Oral Agreement" and "Injurious Harm." ECF No. 2. Defendant removed Plaintiff's action from the Circuit Court for Prince George's County, Maryland to this Court on August 4, 2017, ECF No. 1, and filed a Partial Motion to Dismiss, ECF No. 11, and Answer, ECF No. 10, on August 16, 2017. Following Defendant's Partial Motion to Dismiss, Plaintiff filed a Motion for Remand, ECF No. 15, Motion to Strike Defendant's Answer, ECF No. 18, Motion for a Hearing, ECF No. 19, Motion for Additional Pleadings, ECF No. 21, and Motion for Entry of Default, ECF No. 24. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Defendant's Partial Motion to Dismiss is granted and Plaintiff's Motions are denied.

---

[1] Defendant states that Office Superstore East, LLC is now the proper party Defendant for this action. ECF No. 25.

1

I. **BACKGROUND**[2]

Plaintiff, a resident of Oxon Hill, Maryland, placed an order with Staples' Oxon Hill, Maryland Copy & Print Center on October 7, 2016, requesting 45 bound copies of a United States Supreme Court Petition formatted in accordance with the Supreme Court's filing requirements by October 11, 2016. ECF No. 2 at 3.[3] On October 11, 2016, Defendant provided Plaintiff with bound copies that did not meet the Supreme Court's requirements and charged Plaintiff $561.00 for the order. *Id.* at 4. The copies were subsequently rejected by the Supreme Court Clerk's office; however, the Clerk's office provided Plaintiff with a 60-day extension to file correctly-formatted briefs. *Id.* On November 30, 2016, Plaintiff placed a second order for 45 copies of the brief with Defendant, which Defendant committed to complete by December 2, 2016. *Id.* at 4–5. Plaintiff received the completed order on December 6, 2016; however, the order still did not comply with the Supreme Court's filing requirements. *Id.* at 5. While Plaintiff informed Defendant of her December 9, 2016 filing deadline at the Supreme Court, Defendant was unable to provide Plaintiff with properly-formatted copies of her brief, and, as a result, Plaintiff missed her filing deadline. Plaintiff alleges that because of Defendant's failure to properly complete her order, her "$3,000,000 U.S. Supreme Court case is lost forever." *Id.* at 10.

Plaintiff filed her two count complaint in the Circuit Court for Prince George's County, Maryland on June 22, 2017, bringing claims of "Breach of Oral Agreement" (Count I) and "Injurious Harm" (Count II) and requesting $1,500,000 in compensatory damages and $1,000,000 in punitive damages. Defendant received a copy of the Complaint on July 18, 2017 and filed a notice of removal on August 4, 2017. ECF No. 1.

---

[2] Unless stated otherwise, the facts are taken from the Complaint and assumed to be true. Only facts necessary to adjudicate the subject motions are reproduced herein.

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II. DISCUSSION

**A. Motion to Dismiss**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of Plaintiff's claims, the Court "must accept as true all of the factual allegations contained in the complaint," and "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

Although Plaintiff's Complaint includes two claims, it is, in essence, a claim for breach of contract. "Injurious harm," asserted in Count II, is not a viable cause of action, and Count II sets forth the same facts and allegations as found in Count I. *See* ECF No. 2 at 13 (asserting that

3

"Defendant allegedly breached the oral agreement and failed to deliver the final product . . . by the due date that was mutually agreed upon" as the basis for Count II). Thus, Count II will be dismissed. Moreover, under Maryland law, punitive damages are not available for breach of contract claims. *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983). Punitive damages are only recoverable in tort actions and, even then, only if malice is shown. *See Am. Laundry Machinery Industries v. Horan*, 412 A.2d 407, 416 (Md. 1980). As Plaintiff has not alleged a tort or that Defendant acted with malice, Plaintiff's claim for punitive damages is also dismissed.

Plaintiff, in both her Response in Opposition to Defendant's Motion to Dismiss, ECF No. 20, and Motion to Strike Defendant's Answer, ECF No. 18, argues that these filings were not timely. ECF No. 20-1 at 12; ECF No. 18 at 2. Pursuant to Federal Rule of Civil Procedure 81(c), a defendant who did not answer a complaint before removal must provide an answer or present other defenses or objections within the longer of twenty-one days after receiving the initial pleading or seven days after the notice of removal is filed. *See* Fed. R. Civ. P. 81(c)(2). Defendant received the complaint on July 18, 2017 and filed a notice of removal on August 4, 2017, having until August 11, 2017 to file an answer or dispositive motion. Therefore, Defendant's filings on August 16, 2017 were not timely.[4]

Because Defendant's time to file a motion to dismiss has passed, the Court may only consider Defendant's filing upon a motion for an extension of time and a showing that Defendant's failure to timely file was attributed to excusable neglect. *See* Fed. R. Civ. P. 6(b); *see also Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir.1996) (relevant

---

[4] While Defendant filed the motion to dismiss and answer within thirty days of receiving the summons, as permitted by the state court, Defendant removed the matter to federal court and is therefore subject to time limits imposed by the Federal Rules of Civil Procedure. In response to Plaintiff's Motion for Entry of Default, ECF No. 24, Defendant now argues that its Answer was timely because it was not properly served. ECF No. 25. Because Defendant raises this argument approximately three months after Plaintiff moved to strike Defendant's Answer, ECF No. 18, and the Court will deny Plaintiff's Motions on other grounds, the Court will not consider Defendant's service of process arguments herein.

circumstances for determining excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith). Defendant's delay was minimal and Plaintiff does not appear to have been prejudiced as a result, but, without a motion and explanation for the delay, the Court cannot conclude that Defendant's late filing was attributable to excusable neglect. However, because Plaintiff's claim of "Injurious Harm" simply does not exist, and punitive damages in contract claims are not recognized under Maryland law, the Court will dismiss these claims *sua sponte*. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n. 10 (4th Cir. 2006) ("Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (internal citation omitted); *see also Lombard Securities Inc. v. Thomas F. White & Co., Inc.*, 903 F.Supp. 895, 900 (D. Md. 1995) (a court's authority to dismiss a case *sua sponte* is inherent within the court's power to manage its own affairs and achieve the orderly and expeditious disposition of cases). Further, the Court will not strike Defendant's answer as it was filed before any request for default had been filed. *See, e.g., United States v. Mraz*, 274 F. Supp. 2d 750, 756 (D. Md. 2003) (denying motion for default judgment after defendant failed to file a timely answer because the Fourth Circuit has a strong preference for resolving cases on their merits and doing so would not prejudice plaintiff). For the same reason, Plaintiff's Motion for Entry of Default, ECF No. 24, is denied.

### B. Plaintiff's Motion for Remand to State Court, ECF No. 15

Defendant filed a notice of removal on August 4, 2017, asserting that the Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. ECF No. 1. Specifically, Defendant provides that Plaintiff is a Maryland resident, Defendant is a corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts,

5

and Plaintiff's Complaint seeks damages in excess of $75,000. ECF No. 1 at 1. As such, Defendant establishes that diversity jurisdiction exists in this case.[5] Plaintiff filed a Motion to Remand on September 5, 2017, principally arguing that Defendant's removal was improper because it was not granted by an order from the Court or the initial state court. ECF No. 15 at 1.

Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Moreover, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Procedurally, to remove an action from a State court, a defendant "shall file in the district court of the United States for the district and division within such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. 1446(a). There is no requirement that, after filing the removal notice, a defendant must obtain a court order before removal is valid; rather, a defendant merely needs to give notice to the adverse parties and file a copy of the removal notice with the clerk of the state court. 28 U.S.C. 1446(d). Once complete,

---

[5] In its initial filings with the Court, Defendant stated that the proper party Defendant was "Staples the Office Superstore East, Inc.," not "Staples Inc." as named in the Complaint. ECF No. 1. Thereafter, Defendant, in its Answer to Plaintiff's Complaint, stated that Staples the Office Superstore East, Inc. "is incorporated in Delaware, with its headquarters in Massachusetts, and is registered to conduct business in Maryland." ECF No. 10 at 2. On December 13, 2017, in its Response to Plaintiff's Motion for Entry of Default, Defendant now states that "Staples the Office Superstore East, Inc." was converted from a corporation to a limited liability company named "Office Superstore East, LLC" on or about September 12, 2017. ECF No. 25 at 1 n. 1. Office Superstore East, LLC is organized under the laws of the State of Delaware with its principal place of business located in Framingham, Massachusetts. *Id.* ¶ 3. While it is clear that Defendant is not a Maryland resident for diversity jurisdiction purposes, *see James G. Davis Const. Corp. v. Erie Ins. Exchange*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) (noting that a corporation is deemed a resident of any state in which it is incorporated or has its principal place of business), Defendant's inconsistent statements create confusion that could easily be addressed had Defendant elected to respond to any of Plaintiff's motions filed prior to its Motion for Entry of Default.

6

the state court "shall proceed no further unless and until the case is remanded." *Id.* Defendant followed these procedures, and removal is therefore proper. Plaintiff's motion to remand is denied.

### C. Plaintiff's Motion for a Hearing, ECF No. 19

Throughout her filings with the Court, Plaintiff suggests that Defendant removed this action through fraudulent conduct. *See, e.g.*, ECF No. 19 at 2. In addition, Plaintiff requested that Judge James Bredar, Chief Judge of this District, initiate an investigation into the alleged fraudulent conduct. ECF No. 23. The Court does not take such allegations lightly; however, upon review of Plaintiff's concerns, it appears that Plaintiff's allegations stem from her lack of understanding of the removal process and federal civil procedure. The Court will not address each and every concern raised by Plaintiff herein but will address her allegation that the Court's Standing Order Concerning Removal, ECF No. 9, which, among other things, requests that the removing party explain the basis for removal, was somehow forged or fraudulently issued. In support of this allegation, Plaintiff states that Defendant provided the Court with information as required by the Standing Order prior to the Clerk's office docketing the Standing Order on August 7, 2017. Coupled with the lack of a specific court order removing the case, Plaintiff suspects foul play.

The Standing Order for Removal provides boilerplate instructions to litigants in matters removed to this Court, repeating the procedural requirements already set forth in the Federal Rules of Civil Procedure and the Local Rules. The Court has directed the Clerk's office to issue the Standing Order upon receiving a notice of removal, and the standard format and electronic signature allows the Court to remind the parties of the removal requirements in a timely and efficient manner. The Standing Order in no way grants or approves a notice of removal; rather, it

7

provides the plaintiff with an opportunity to move for remand back to state court if warranted, precisely what Plaintiff has now attempted to do. That Defendant was able to provide the Court with the requested information before the actual Standing Order was filed merely suggests that Defendant was aware of the procedural requirements for removal. As such, the Court does not need to schedule a hearing to investigate Plaintiff's concerns.

### D. Plaintiff's Motion for Additional Pleadings, ECF No. 21

Finally, Plaintiff requests an opportunity to file additional pleadings based, in part, on Defendant's *partial* motion to dismiss. ECF No. 21 at 1. Because Defendant submitted an Answer to Plaintiff's breach of contract claim, there is no need for additional pleadings at this time. Plaintiff's remaining claim will not be decided at this stage of the litigation, and Plaintiff will have an opportunity to continue to pursue this action following discovery. As such, Plaintiff's Motion for Additional Pleadings is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF No. 11, shall be granted, and Plaintiff's motions shall be denied. A separate Order follows.

Dated: December 20, 2017

GEORGE J. HAZEL
United States District Judge